**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 01-60145

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

ANTONIA SHEFFIELD,

Defendant-Appellant.

Appeal from the United States District Court for the Southern District of
Mississippi
1:00cr53BrG

January 11, 2002

Before KING, Chief Judge, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:[1]

Defendant Antonio Sheffield pled guilty pursuant to a plea agreement to possession of a

controlled substance with intent to distribute and being a convicted felon in possession of a firearm.

He reserved the right to appeal the district court's denial of his motion to suppress evidence against

him. Sheffield makes several arguments related to the validity of the search warrant and the conduct

of the search. Finding no error, we affirm.

_____

[1] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

The application for the warrant was based on information provided by Sheffield's girlfriend who told the investigating officer that the defendant had pointed a silver colored semi-automatic pistol at her and threatened to kill her, that the defendant was a convicted felon, and that he and the gun could be found at a particular residence. The officer verified that Sheffield was a convicted felon. Based on these facts, the officers acted with objective good-faith reliance on the search warrant. United States v. Shugart, 117 F.3d 838, 843 (5th Cir. 1997). The offense of possession of a firearm by a convicted felon is a simple one. The officers had timely information from an informant regarding the location of the gun and the defendant and independently confirmed that Sheffield was a convicted felon. The officer who sought the warrant testified that the informant had provided correct information in the past, although she was not always forthcoming with information. Thus, the officer had no reason to think that she was not credible. Whether or not the residence where Sheffield was said to live was leased to Sheffield and whether or not the defendant's girlfriend had filed a complaint against Sheffield based on his threats against her is immaterial. Neither do we attach any significance to the failure of the officer to specifically state in the affidavit for the warrant that the informant was credible or reliable. This absence of such a statement does not make the affidavit so lacking in indicia of probable cause as to render belief in the existence of probable cause entirely unreasonable. Id. at 843-44.

These facts also support a finding of probable cause for the issuance of the search warrant. Contrary to Sheffield's assertions, the information supporting the warrant was not stale. Lessner testified that the search warrant was obtained the same day that the informant advised him that she had observed Sheffield with a firearm.

Sheffield also argues that the officers conducting the search exceeded the scope of the

warrant. The officers searched the pockets of a jacket located in the residence and found the crack cocaine that forms the basis of the possession charge. The warrant authorized the officers to search for the weapon only. A container may be searched if it is reasonable to believe that it could conceal items of the type set forth in the warrant. United States v. Giwa, 831 F.2d 538, 543-44 (5th Cir. 1987). The searching officer testified that the pocket was "without a doubt" big enough to contain the firearm he was searching for. Once the officer found the cocaine cookie, which was obviously incriminating in nature, he was entitled to seize it. United States v. Hill, 19 F.3d 984, 989 (5th Cir, 1994).

Accordingly, the district court's judgment is AFFIRMED.